

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom R. Mears
County Attorney
Coryell County
Gatesville, Texas

Dear Sir:

Opinion No. 0-5057
Re: Whether the Commissioners'
Court may resolve that
no taxes be levied on land
owned by private persons of
which the Federal Government
has taken possession pending
acquisition of title.

We have your letter of January 20th on the above subject which reads as follows:

"In the spring of 1942 the Federal Government acquired possession of about 94,000 acres of land out of Coryell County for military purposes in connection with Camp Hood. About the same time the Federal Government acquired possession of about 4,000 acres of land out of Coryell County for military purposes in connection with the Blue Bonnet Ordance Plant. At the present time the Federal Government is in the process of acquiring possession of approximately 35,000 additional acres to be used as an extension to Camp Hood.

"As of January 1, 1943 only about 50 percent of the owners in the original 94,000 acres had signed deeds and received payment for their properties, even though the Government had had possession of their properties for from 6 to 10 months. As each settlement

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

was made the Government held out of the owners
payment the 1942 taxes and those with which they
have settled since January 1st they have held
out not only the 1942 taxes but the 1943 taxes
as well, on the basis that title had not actually
passed to the Government until the deeds were
signed.

"In the 35,000 acre extension a large number
of the owners had been forced to vacate their
properties before January 1, 1943 and the balance
will be forced out within the next 30 days.

"It appears to be a grave injustice to force
these land owners to pay property taxes on property
that they actually received little benefit from
in the year 1942 but much more so to now force
them to pay taxes for this year when they have
not been on the property within 8 to 12 months,
likewise it appears unjust to require the owners
in the extension area to pay taxes for this year
when they were forced to vacate the same prior
to January 1, 1943.

"The government representatives here feel
that this is not just, however, they say that
there is no other method whereby the same can
be handled in so far as they are concerned.  In
view of this attitude local government office
has submitted to me the attached resolution
stating that if the same is passed by the Com-
missioners' Court of Coryell County they will
waive any further collection of taxes from
owners involved in these transactions.

"The Commissioners' Court has expressed a
desire to execute this resolution, however,
feel that they have no legal authority to do
so.

"Since we have no precedent in matters
of this nature I would like an opinion from
your department as to whether this reso-
lution can be legally passed by the Commissioners'
Court and if so what procedure can be followed
by the tax officers of the County in carrying
out the same."

You are advised that the Commissioners' Court is without authority to order that no taxes shall be levied upon land owned on January 1st by private parties even though possession of such land may have previously been taken by the Federal Government pending acquisition of the title thereto. The owner of land as of January 1st is liable for state and county ad valorem taxes thereon without regard to who may have possession of the land.

Article 8, Section 10 of the Constitution of Texas expressly forbids the release of taxes. This constitutional provision reads as follows:

"The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town, from the payment of taxes levied for State or County purposes, unless in case of great public calamity in any such county, city, or town, when such release may be made by a vote of two-thirds of each house of the Legislature."

Speaking of this Constitutional provision, the Supreme Court of Texas in Jones v. Williams, 45 S.W. (2d) 130 said:

"Exemptions from taxation are regarded not only as in derogation of sovereign authority, but of common right as well. They must be strictly construed, and not extended beyond the express requirements of the language used, not only as to the meaning of the statutes granting exemptions, but as to the power of the Legislature to enact them." (Authorities cited.)

If the Legislature is forbidden to grant a release of taxes it follows, of course, that the Commissioners' Court is without authority to do so. We have discussed more fully the question relating to ad valorem tax liability upon land acquired or to be acquired by the Federal Government in Opinion Nos. O-4613 and O-4749, copies of which

Honorable Tom R. Mears, Page 4

opinions are enclosed herewith.

The foregoing conclusion is based upon the statement of fact contained in your letter "that title has not actually passed to the Government until the deeds were signed". We wish to call your attention, however to Section 258a, Title 40 USCA, whereby the Federal Government may, if it elects to do so, acquire title to land upon filing in the Federal Court wherein condemnation proceedings are pending, a "declaration of taking". Said statute (Feb. 26, 1931, c. 307 § 1, 46 Stat. 1421) reads in part as follows:

"In any proceeding in any court of the United States outside of the District of Columbia which has been or may be instituted by and in the name of and under the authority of the United States for the acquisition of any land or easement or right of way in land for public use, the petitioner may file in the cause, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the lands described in the petition, declaring that said lands are thereby taken for the use of the United States. . . .

"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America. . .

In the event the United States has, by the manner outlined in the above statute, actually acquired title in fee simple to any of the lands in question prior to January 1, 1943, no tax could thereafter be assessed against the



Honorable Tom R. Mears, Page 5

land or the former owner thereof for the year 1943. It
does not appear from your letter that the absolute title to
any of the lands involved was so acquired. We have directed
your attention to the statute should a situation hereafter
arise where it is applicable.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Walter R. Koch
Assistant

WRK:nw

Encl.

APPROVED

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY